## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERY MATTHEWS<br>4902 Alabama Avenue, SE<br>Washington, DC 20019,<br><br>FRANKIE WEST<br>4310 Lyons Street<br>Temple Hills, MD 20748,<br><br>and<br><br>EARLINE HICKMAN<br>1822 Savannah Street, SE<br>Washington, DC 20020,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA,<br>　　a municipal corporation<br>441 4th Street, NW<br>Washington, DC 20001,<br><br>and<br><br>ADRIAN FENTY, in his<br>official capacity as Mayor of the<br>District of Columbia,<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20001,<br><br>　　　　Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO.<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367(a) for injunctive and declaratory relief and to secure protection from and to redress deprivations of rights secured by:

      a. The Civil Rights Act of 1871, 42 U.S.C. § 1983 providing for redress for deprivation under the color of state law of rights secured to Plaintiff by the United States Constitution.

      b. The Fifth Amendment to the Constitution of the United States.

      c. The Civil Rights Attorneys Fees Act of 1976, 42 U.S.C. § 1988.

    2. The unlawful practices, deprivations of constitutional rights and tortuous acts complained of herein were committed and continue to be committed in the District of Columbia.

    3. Venue is appropriate under as two Plaintiffs and Defendant are residents of the District of Columbia and the events giving rise to the claims occurred in the District of Columbia.

    4. The amount of the controversy, excluding costs and attorney fees, exceeds $10,000,000.00.

## PARTIES

    5. Plaintiff, Jeffery Matthews, suffered a work-related accidental injury while working for Defendant on September 15, 1998.

    6. Plaintiff, Earline Hickman, suffered a work-related accidental injury while working for Defendant on September 14, 1998.

    7. Plaintiff, Frankie West, suffered a work-related accidental injury while working for Defendant on September 28, 1998.

    8. Defendant, District of Columbia (hereinafter District ), is a municipal corporation subject to 42 U.S.C. § 1983. Through its designated office, the Office of Risk Management (hereinafter ORM ), the District is required to provide disability compensation benefits to District employees who suffer disability within the meaning of the District of Columbia Merit

Personnel System (hereinafter Act ), D.C. Code §§ 1-623.1 *et seq*.

9. Defendant, Adrian Fenty, is the Mayor of the District of Columbia. Mr. Fenty is being sued in his official capacity.

### FACTUAL ALLEGATIONS

### JEFFREY MATTHEWS

10. The District s designated responsibilities include making determinations concerning eligibility for and modification of benefits.

11. Workers compensation benefits administered by the Act are property interest protected by the Due Process Clause of the United States Constitution.

12. On August 25, 2004, the Disability Compensation Program (hereinafter DCP ) forwarded correspondence to Plaintiff, Jeffrey Matthews, suspending his benefits pending completion of an  investigation.  The specifics of DCP s investigation were not provided to Plaintiff.

13. Defendants have deprived and continues to deprive Plaintiff of his workers compensation benefits.

14. Defendants have deprived and continue to deprive Plaintiff of his right to a post-deprivation evidentiary hearing.

15. On several occasions, Plaintiff has made written requests to the DCP to issue a formal denial order so that he may have an evidentiary hearing.

16. The DCP has not issued a denial order.

17. Claimant has suffered and continues to suffer from the deprivation of his workers compensation benefits.

18. Claimant remains without a post-deprivation right to an evidentiary hearing.

## FRANKIE WEST

19. On October 20, 2006, the Disability Compensation Program (hereinafter DCP ) forwarded correspondence to Plaintiff, Frankie West s, treating physician, Dr. Peter Trent, notifying it will not accept responsibility for ongoing treatment.

20. The DCP s October 20, 2006 correspondence constitutes a deprivation of workers compensation benefits within the meaning of the law.

21. On October 24, 2006, Plaintiff filed an Application for Formal Hearing with the Office of Hearings and Adjudications, Administrative Hearings Division (hereinafter AHD ) seeking an evidentiary hearing to establish his right to continued medical treatment.

22. On November 3, 2006, the AHD issued correspondence to Plaintiff s undersigned counsel returning Plaintiff s Application for Formal Hearing and explaining he had no right to a formal hearing until he receives from the DCP  a denial of award of compensation benefits or notice of loss of wage earning capacity (LWEC).

23. On November 10, 2006, Plaintiff made a written request to the DCP to issue a formal denial order.

24. The DCP has not issued a denial order.

25. Claimant has suffered and continues to suffer from the deprivation of his medical benefits.

26. Claimant remains without a post-deprivation right to an evidentiary hearing.

## EARLINE HICKMAN

27. On June 15, 2004, the Disability Compensation Program (hereinafter DCP )

forwarded correspondence to Plaintiff, Earline Hickman s, treating physician, National Medical Rehabilitation,P.C., denying Claimant payment for her medical invoice on grounds her claim was closed.

28. The DCP s June 15, 2004 correspondence constitutes a deprivation of workers compensation benefits within the meaning of the law.

29. On October 24, 2006, Plaintiff filed an Application for Formal Hearing with the Office of Hearings and Adjudications, Administrative Hearings Division (hereinafter  AHD ) seeking an evidentiary hearing to establish her right to continued medical treatment.

30. On November 1, 2006, the AHD issued correspondence to Plaintiff s undersigned counsel returning Plaintiff s Application for Formal Hearing and explaining she had no right to a formal hearing until he receives from the DCP  a denial of award of compensation benefits or notice of loss of wage earning capacity (LWEC).

31. On November 10, 2006, Plaintiff made a written request to the DCP to issue a formal denial order.

32. The DCP has not issued a denial order.

33. Claimant has suffered and continues to suffer from the deprivation of his medical benefits.

34. Claimant remains without a post-deprivation right to an evidentiary hearing.

## Count I

### Due Process

34. The averments of paragraphs 1 through 34 are incorporated by reference herein as if the same were fully set out here.

5

35. At all times relevant hereto, Defendants have acted under the color of state law and have maintained through habit, custom, prior practices, rules and/or regulations, a policy and practice of denying Plaintiffs due process of the law by deprivation of benefits without notice or opportunity to defend interest.

36. Defendants have intentionally, knowingly, willfully and with complete disregard for Plaintiffs constitutional rights deprived them of property without notice or opportunity to defend their interest.

37. Defendants conduct constitutes a deliberate indifference toward Plaintiffs constitutional rights.

38. Plaintiffs seek to enforce the requirements and protection of the Due Process Clause pursuant to 42. U.S.C. § 1983.

WHEREFORE, Plaintiffs demand judgement against Defendants as follows:

a. Ordering Defendants to make whole Plaintiffs by providing appropriate affirmative relief to eradicate the effects of its unlawful practices, including but not limited to granting each a hearing on all contested issues.

b. Awarding Plaintiffs compensatory and pecuniary damages for the deliberate and indifferent deprivation of their constitutional rights.

c. Awarding Plaintiffs reasonable attorney fees and costs of this action; AND

d. Granting Plaintiffs such further relief as the Court may deem just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all questions of fact raised by this complaint.

                                        Respectfully Submitted,

                                        LAW OFFICES OF KIRK D. WILLIAMS

Dated: 01/05/2007                          By: _____
                                                      Kirk D. Williams, Esquire #467951
                                                        1717 K Street, NW, Suite 600
                                                       Washington, DC 20036
                                                       (202) 726-0480

                                                       Counsel for Plaintiffs

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** Jeffrey Matthews

**DEFENDANTS** District of Columbia, ETAL

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Law Offices of Kirk D. Williams
1717 K Street, NW, Suite 600
Washington DC 20036 (202)726-0480

CASE NUMBER 1:07CV00031
JUDGE: Ellen Segal Huvelle
DECK TYPE: Civil Rights (non-employm
DATE STAMP: 01/05/2007

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☒ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §§ 1331, 1343 + 1367(a) Denial of procedural due process

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ $10,000,000.00   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☒ YES ☐ NO    If yes, please complete related case form.

DATE 1/5/07    SIGNATURE OF ATTORNEY OF RECORD *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd