UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERY MATTHEWS, et al._)_<br>_)_<br>Plaintiffs, _)_<br>_)_ 1:07CV00031 9 (ESH)<br>v. _)_<br>_)_<br>DISTRICT OF COLUMBIA, et al. _)_<br>_)_<br>Defendants. _)_ | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, Jeffrey Matthews, *et. al.*, hereby submit this Opposition to District of Columbia Defendant's Motion to Dismiss.

### PROCEDURAL HISTORY

On or around January 7, 2007, Plaintiffs filed this action against Defendants contending the deliberate and indifferent violation of their constitutional rights. On March 8, 2007, Defendant's filed a motion to dismiss contending Plaintiffs' claims are moot. Plaintiffs file this opposition.

### STANDARD OF REVIEW

The Court must assume the truth of the facts alleged, and may grant the motion "only if it appears beyond doubt that the plaintiffs will not be able to prove any set of facts that would justify relief." *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint is to be construed liberally in the plaintiff's favor, and the Court must grant plaintiff "the benefit of all reasonable inferences that can be derived from the facts alleged." *Kowal v. MCI*

*Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### ARGUMENT

**1.      Defendants fail to establish Plaintiffs' inability to prove any set of facts would justify relief.**

Plaintiffs are three individuals who suffered work-related accidental injuries. Each Plaintiffs' injury has been accepted as compensable by the District of Columbia. These compensable injuries entitle Plaintiffs to constitutionally protected benefits under the District of Columbia Merit Personnel Act ("DCMP"). See *Lightfoot, et. al. v. District of Columbia, et. al.*, 448 F.3d 392 (D.C. Cir. 2006). Plaintiffs simply complain, among other things, that Defendants have deprived them of these benefits without affording post-deprivation due process protections. Defendants in their motion to dismiss do not expressly contest any of the facts alleged by Plaintiffs. Instead, Defendants contend this matter is moot because they have subsequently afforded Plaintiffs the right to evidentiary hearings. This argument fails.

Although not expressly stated, Defendants essentially argue this case is moot because they have stopped violating Plaintiffs' rights. This contention notwithstanding, a factual issue remains concerning Plaintiffs' claim for damages.

The District of Columbia may be held liable for monetary damages for violations of an individual's constitutional rights when its policy or custom inflicts the injury. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In subsequent cases, the Supreme Court, as well as the United States District Court for the District of Columbia, has held that "a city's inaction, including its failure to train or supervise its employees adequately, constitutes a 'policy or custom' under *Monell* when it can be said that the failure amounts to 'deliberate indifference'

towards the constitutional rights of persons in its domain." *City of Canton v. Harris*, 489 U.S. 378, 388-89 & n7 (1989)(recognizing municipal liability under § 1983 for failure to train adequately); *see Rogala v. District of Columbia*, 161 F.3d 44, 56 (D.C. Cir. 1998)(recognizing the failure to train or supervise); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997)(noting that "inaction giving rise to or endorsing a custom" can be basis of § 1983 liability).

In the instant matter, Plaintiffs contend that a reasonable fact-finder could conclude upon the facts of this case that Defendants' action or inaction constituted deliberate indifference within the meaning of *City of Canton*. Accordingly, Plaintiffs' claim for monetary damages are not moot.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Honorable Court to pass an order denying District of Columbia Defendants' Motion to Dismiss.

Respectfully Submitted,

LAW OFFICES OF KIRK D. WILLIAMS

Dated: 03/13/2007          By:_____
Kirk D. Williams, Esquire #467951
1717 K Street, NW, Suite 600
Washington, DC 20036
(202) 726-0480

Counsel for Plaintiffs

3