UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFERY MATTHEWS, et al.<br><br>Plaintiffs,<br><br>v.<br>THE DISTRICT OF COLUMBIA, et al.<br><br>Defendants. | )<br>)<br>) Civil Action No. 1:07CV00031 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

### I. Introduction

Plaintiffs' opposition to Defendants' Motion to Dismiss does not successfully rebut Defendants' arguments that Plaintiffs' claims are now moot, and there is no ongoing controversy between the parties. Plaintiffs argue that Defendants have deprived them of benefits without affording them post-deprivation due process protections. The truth is that Plaintiffs have not exercised their post-deprivation protections because they failed to exhaust administrative remedies available to them.

### II. Plaintiffs Lack Standing

"Article III, of course, gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 154–155 (1990). Moreover, a federal court's jurisdiction can only be invoked when a plaintiff has suffered some threatened or actual injury resulting from a defendant's putatively illegal action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The Supreme Court explained the requirements for standing in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992):

> "Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 561 (citations omitted).

In the case at hand, no case or controversy exists because Defendants issued the formal denial letters sought by Plaintiffs. If Plaintiffs suffered harm as a result of the Defendants' delay in issuing the formal denial letters, they will be made whole by subsequent administrative proceedings. Any award will be made retroactive to the date of the suspension of benefits. Consequently, Plaintiffs have not been injured. Furthermore, it is unlikely that any alleged injury will be redressed by a favorable decision before this Court. Because Plaintiffs cannot meet all three prongs of the *Lujan* test, the Court must dismiss their complaint for lack of standing.

### III. Plaintiffs Failed to Exhaust Administrative Remedies

Plaintiffs failed to exhaust the administrative remedies available to them. D.C. Code § 1-623.24 provides a claimant with an opportunity for an administrative hearing if a claimant is not satisfied with the D.C. Office of Risk Management's (ORM) decision. Plaintiffs complain that their requests for final decisions from the agency were ignored. Plaintiffs could have taken action to expedite review of ORM's decision in each of their cases. For example, an appeal concerning AHD's refusal to permit them a hearing could have been presented to the Compensation Review Board (CRB). The CRB has jurisdiction to review AHD decisions

pursuant to D.C. Code § 1-623.28, D.C. Code § 32-1521.01, 7 DCMR § 118, and DOES Director's Directive Administrative Policy Issuance No. 05-01 (Feb. 5, 2005).[1] Plaintiffs' failure to seek an appeal through CRB demonstrates their failure to exhaust administrative remedies.

If Plaintiffs had no right of appeal, they could have sought relief under the All Writs Act, 28 U.S.C § 1651. *See* Yeager v. Greene, 502 A.2d 980 (D.C. 1985). A Writ of Mandamus could have forced ORM to issue the formal denial letters sought by Plaintiffs.

Procedures are in place to protect Plaintiffs' constitutional rights. In this case, Plaintiffs failed to exhaust administrative remedies that were available to them. Accordingly, Defendants respectfully request that this Court dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9886 (telephone)
(202) 727-3625 (fax)
ellen.efros@dc.gov

---

[1] Pursuant to D.C. Code § 1-623.28, DOES is afforded administrative review authority over awards for or against payment of compensation made pursuant to D.C. Code § 1-623.24(b)(1). Pursuant to Administrative Policy Issuance No. 05-01 dated Feb. 5, 2005, the Director of DOES realigned the Office of Hearings and Adjudication to include establishment of the CRB in implementation of the D.C. Workers' Compensation Administrative Reform and Anti-Fraud Amendment of 2004, D.C. Code § 32-1521.01. In accordance with the Director's Directive, the CRB replaces the Office of the Director in providing administrative appellate review and disposition of workers' and disability compensation claims arising under the D.C. Workers' Compensation Act of 1979, as amended, D.C. Code § 32-1501 *et seq.*, and the D.C. Government Comprehensive Merit Personnel Act of 1978, as amended, D.C. Code § 1-623.1 *et seq.*, including responsibility for administrative appeals filed prior to October 1, 2004, the effective date of the D.C. Workers' Compensation Administrative Reform and Anti-Fraud Amendment of 2004.