UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERY MATTHEWS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 1:07CV00031 9 (ESH) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY
IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Defendants raise new arguments in their Reply to Plaintiffs' Opposition to Motion to Dismiss. To respond, Plaintiffs respectfully move for leave to file a brief surreply. The filing of the surreply will not prejudice any party or cause undue delay.

Plaintiffs' counsel has attempted without success to contact counsel for Defendants prior to filing this motion.

Respectfully Submitted,

LAW OFFICES OF KIRK D. WILLIAMS

Dated: 03/26/2007

By:/s/
Kirk D. Williams, Esquire #467951
1717 K Street, NW, Suite 600
Washington, DC 20036
(202) 726-0480

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFERY MATTHEWS, et al. | ) ) ) | |
| Plaintiffs, | ) ) | 1:07CV00031 9 (ESH) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA, et al. | ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' SURREPLY IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, Jeffrey Matthews, *et. al.*, hereby submit this Surreply in Opposition to District of Columbia Defendant's Motion to Dismiss.

**PROCEDURAL HISTORY**

On or around January 7, 2007, Plaintiffs filed this action against Defendants contending the deliberate and indifferent violation of their constitutional rights.  On March 8, 2007, Defendant's filed a motion to dismiss contending Plaintiffs' claims are moot.  On March 13, 2007, Plaintiffs filed opposition to Defendant's Motion to Dismiss.  On March 20, 2007, Defendant's filed a Reply to Plaintiffs' opposition.  Plaintiffs file this Surreply

**ARGUMENT**

**1.    Defendants fail to show Plaintiffs lack standing.**

Defendants argue without specificity that Plaintiffs lack standing.  This argument is without merit.

To have standing to pursue a federal action, a plaintiff must have suffered an "injury in fact." Lujan v. Defenders fo Wildlife, 504 U.S. 555, 561 (1992).  Injury in this context is "an

invasion of a legally protected interest." Id. at 561. Secondly, there must be a causal connection between the injury and the conduct complained of and, finally, it must be likely that the injury will be redressed by a favorable decision. Lujan, supra.

In the in case at bar, Defendants erroneously contend Plaintiffs lack standing because any injury they may have suffered may be remedied by the workers' compensation administrative process and, therefore, Plaintiffs have not been injured. First, Plaintiffs have suffered injury to their constitutional rights that cannot be remedied through the workers' compensation administrative process. Second, even if the administrative process could adequately remedy Defendants' constitutional violations, the standard for standing does not contemplate the existence of an administrative "remedy" as a qualifying condition.

Finally, Defendants assert without explanation that it is unlikely Plaintiffs injury will be redressed by a favorable decision before this Court. Defendants' assertion notwithstanding, it is manifest from even the sparse record to date in this proceeding that Defendants deprived Plaintiffs of post-deprivation hearing rights. Accordingly, at this juncture, it is extremely likely Plaintiffs' injuries will be redressed by a favorable decision.

**2.    Defendants fail to show Plaintiffs failed to exhaust administrative remedies.**

Next, Defendants contend Plaintiffs failed to exhaust administrative remedies. To this Plaintiffs merely contend that without the recently issued formal denial letters, they were without administrative remedies. A brief review of the workers' compensation Act and relevant case law is illustrative.

D.C. Code § 1-623.24 confers jurisdiction to the Administrative Hearings Division ("AHD") and, consequently, to the Compensation Review Board ("CRB") only upon the

issuance of a formal denial letter.  Where the injured worker is without such a denial letter, the AHD will not even entertain Applications for Formal Hearing.  Instead, the AHD simply returns the Applications with a form letter indicating lack of jurisdiction without the formal denial letter.  Consequently, without the formal denial letter, injured workers' are without workers' compensation administrative remedies.  Such is the case at bar.

Defendants next contend, again, without authority, that absent remedies through the administrative hearing process, Plaintiffs were required to seeks writs of mandamus.  This argument fails.

First, Defendants suggest that seeking a writ of mandamus is an administrative remedy required before an aggrieved party may file a federal claim.  However, they fail to show any authority for the proposition that an individual aggrieved by unconstitutional state action must first seek a writ before seeking redress for his or her injuries in federal court.

Second, even if we assume for sake of argument that seeking a writ is requisite to a federal action, the District of Columbia Court of Appeals has consistently denied writs in cases such as the one at bar where, absent the formal denial letter, the injured worker is without evidence of a clear right to issuance of the writ.  See Elizabeth Shepard v. District of Columbia Disability Compensation Program, No. 06-OA-25 (D.C. September 29, 2006)(denial of petition for mandamus where [Claimant] failed to show either a clear right to issuance of the writ or that she has no other alternative means of relief.) Sylvester Lee v. District of Columbia Disability Compensation Program, No. 06-OA-24 (August 21, 2006)(denial of petition for mandamus where [Claimant] failed to show either a clear right to issuance of the writ or that she has no other alternative means of relief.); see also, Juanita Irving v. District of Columbia Department of

Employment Services, 04-OA-15 (April 16, 2004)(denial pending further administrative action); Windstead et. al. v. D.C. Department of Employment Services, 04-AA-127 (April 4, 2004)(denial pending further administrative action). Faced with this case law, Plaintiffs properly rejected seeking a writ prior to filing this federal claim.

**CONCLUSION**

      For the foregoing reasons, Plaintiffs respectfully request this Honorable Court to pass an order denying District of Columbia Defendants' Motion to Dismiss.

Respectfully Submitted,

LAW OFFICES OF KIRK D. WILLIAMS

Dated: 03/26/2007

By:_____
Kirk D. Williams, Esquire #467951
1717 K Street, NW, Suite 600
Washington, DC 20036
(202) 726-0480

Counsel for Plaintiffs