**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
JEFFREY MATTHEWS et al.,        )
                                )
         Plaintiffs,            )
                                )
         v.                     )    Civil Action No. 07-0031 (RWR)
                                )
THE DISTRICT OF COLUMBIA        )
et al.,                         )
                                )
         Defendants.            )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jeffrey Matthews, Frankie West, and Earline Hickman sued under 42 U.S.C. § 1983 for compensatory and punitive damages and injunctive and declaratory relief, alleging that the District of Columbia and the Mayor deprived them of a constitutionally-protected property interest without due process when terminating their workers' compensation benefits.  The defendants moved to dismiss the complaint for mootness.[1]  Because defendants have not shown that the claims are moot, the motion will be denied.

---

[1]  Defendants characterize their motion to dismiss as one under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  However, because mootness deprives a federal court of jurisdiction, the motion is more appropriately treated as one for lack of jurisdiction, under Rule 12(b)(1).

-2-

BACKGROUND

Plaintiffs suffered work-related injuries while they were
employees of the District and received workers' compensation
benefits.  Their benefits were subsequently suspended by the
District's Office of Risk Management Disability Compensation
Program.  Plaintiffs requested evidentiary hearings so they could
challenge the termination of their benefits.  Their requests were
denied because they had not received formal denial letters.  West
and Hickman requested formal denial letters on November 10, 2006.
Matthews alleges that he requested a formal denial letter on
several occasions, but does not specify dates.  On January 5,
2007, the three plaintiffs filed this action.  West and Hickman
received their denial letters on February 16, 2007, and Matthews
received his on March 7, 2007.

Plaintiffs allege that the conduct by the defendants
constitutes a denial of due process in that they were deprived of
property without notice or opportunity to defend their property
interest in an evidentiary hearing.  (See Compl. ¶¶ 18, 26, 34,
36.)  Defendants argue that because they have now issued denial
letters, paving the way to an appeal, that plaintiffs' § 1983
claims are moot and this court has no jurisdiction to entertain
them.  "Defendants recently issued the formal denial letters
sought by Plaintiffs.  Any harm Plaintiffs suffered as a result
of the Defendants['] delay in issuing the formal denial letters

-3-

will be addressed in proceedings before the Administrative

Hearings Division . . . .    If Defendants wrongfully terminated

Plaintiffs' benefits, any award will be made retroactive to the

date of the suspension of benefits.  Consequently, Plaintiffs'

claims are now moot."  (Mem. of P. & A. in Supp. of Mot. to

Dismiss at unnumbered page 2; see also Reply at 2 ("If Plaintiffs

suffered harm as a result of the Defendants' delay in issuing the

formal denial letters, they will be made whole by subsequent

administrative proceedings.  Any award will be made retroactive

to the date of the suspension of benefits.  Consequently,

Plaintiffs have not been injured.").)  Plaintiffs counter that

even if the defendants have now "stopped violating Plaintiffs'

rights[,] . . . a factual issue remains concerning Plaintiffs'

claim for damages."  (Opp'n at 2.)

## DISCUSSION

"Federal courts lack jurisdiction to decide moot cases

because their constitutional authority extends only to actual

cases or controversies."  Iron Arrow Honor Society v. Heckler,

464 U.S. 67, 70 (1983); see also City of Los Angeles v. Lyons,

461 U.S. 95, 101 (1983) ("[T]hose who seek to invoke the

jurisdiction of the federal courts must satisfy the threshhold

requirement imposed by Article III of the Constitution by

alleging an actual case or controversy.").  To satisfy the

Article III case or controversy requirement, a "plaintiff must

-4-

have suffered an injury in fact -- an invasion of a legally

protected interest which is (a) concrete and particularized . . .

and (b) actual or imminent, not conjectural or hypothetical,

. . . [that can be] fairly trace[d] to the challenged action of

the defendant, and . . . [is] likely . . . [to] be redressed by a

favorable decision." Lujan v. Defenders of Wildlife, 504 U.S.

555, 560-61 (1992) (internal quotation marks and citations

omitted).  Article III standing can be destroyed by mootness, and

a claim may become moot in various ways, including where the

offending factor has ceased to exist.  Worth v. Jackson, 451 F.3d

854, 857, 860-61 (D.C. Cir. 2006) (noting that mootness is a

doctrine that inter-relates and overlaps with standing, and

deciding that a claim for injunctive relief from enforcement of a

policy was moot where the offending policy had been rescinded).

The defendants' assertion here that issuing denial letters

has mooted plaintiffs' claims is untenable on two accounts.

First, on this record, there is no evidence that plaintiffs'

alleged injury is not a continuing one with present adverse

effects.  The record does not establish that plaintiffs have

received their due process.  It is conceivable that plaintiffs'

claim for injunctive relief may become moot once plaintiffs have

received the process which they are due because "[p]ast exposure

to illegal conduct does not in itself show a present case or

controversy regarding injunctive relief . . . if unaccompanied by

-5-

any continuing, present adverse effects." O'Shea v. Littleton,
414 U.S. 488, 495-96, (1974).  This assumes, of course, that
plaintiffs would be unable to show that they are likely to suffer
the same injury again.  See Lyons, 461 U.S. at 109 (explaining
that because the police choke-hold of which Lyons complained had
already occurred and was not continuing, Lyons' lack of standing
to pursue injunctive relief was due to "the speculative nature of
his claim that he will again experience [another such] injury").
However, any conclusion that the claim for injunctive relief is
moot is premature.

Second, even if plaintiffs' claim for injunctive relief were
to become moot at some point, their claims for other forms of
relief would not necessarily also be moot.  See Lyons, 461 U.S.
at 109 (noting that even where plaintiff's claim for injunctive
relief was moot, his claim for damages under § 1983 was not moot
and "appear[ed] to meet all Article III requirements").  The
defendants have not demonstrated how the claims for declaratory,
compensatory, and punitive damages are moot simply because denial
letters were issued.  Accordingly, defendants' motion to dismiss
will be denied.[2]

---

[2]  Plaintiffs seek leave to file a surreply to respond to
two new arguments defendants raised in their reply.  A reply is
not the appropriate vehicle for raising arguments for the first
time, and defendants' new arguments, in any event, are
unpersuasive.  For those reasons, it is unnecessary to consider
plaintiffs' proffered surreply and it will not be allowed.

-6-

## CONCLUSION

Because the defendants have not demonstrated that plaintiffs' claims are moot, it is hereby

ORDERED that defendants' motion [4] to dismiss be, and hereby is, DENIED.  It is further

ORDERED that plaintiffs' motion [7] to file a sur-reply to the motion to dismiss be, and hereby is, DENIED as moot.

SIGNED this 19th day of November, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge