UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEWS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | )   No.07-0031(RWR) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**LOCAL RULE 16.3 REPORT**

     Pursuant to Local Rule 16.3, counsel for Plaintiffs, Matthews et. al, and Defendants, District of Columbia et. al., (the "Parties") met and conferred on December 19, 2007. The Parties aver as follows.

1. Defendants, District of Columbia, et. al., believe this case will be disposed of by dispositive motion. The plaintiffs believe liability issues may be disposed of by dispositive motion after some discovery. Plaintiffs believe jury verdict appropriate for determining damages.

2. Defendants believe that January 31, 2008 should be the deadline for joining additional parties or amending pleadings. Plaintiffs believe it too early to determine a deadline for joining additional parties or amending pleadings.

3. Plaintiffs believe it is too early to agree upon or narrow factual and legal issues.

**Plaintiffs' Statement of the Case:**

     Defendants deprived Plaintiffs of workers' compensation benefits without due process of the law in violation of the Fifth Amendment of the United States Constitution and 42 U.S.C. Section 1983. Defendants deliberately and with indifference toward Plaintiffs' constitutional rights failed to provide Plaintiffs with adequate notice prior to deprivation of benefits. Defendants deliberately and with indifference toward Plaintiffs' constitutional rights failed to provide Plaintiffs meaningful opportunity to be heard after deprivation of benefits.

     Defendants, at all times relevant, deprived Plaintiffs of benefits with deliberate

indifference toward Plaintiffs' constitutional rights.

Plaintiffs seek an award for attorney fees pursuant to 42 U.S.C. Section 1988.

**Defendants' Statement of the Case:**

The Complaint fails to state a claim against Defendants upon which relief can be granted.

This Court lacks jurisdiction over the subject matter of this action.

Plaintiffs have failed to exhaust their administrative remedies.

Plaintiffs' claims are barred by the applicable statute of limitations.

Plaintiffs' claims are barred under the doctrine of latches.

Plaintiffs' claims are barred under the doctrine of unclean hands.

The actions or failure to act which give rise to the claims alleged by Plaintiffs were the responsibility of or conducted by a person or party other than the District of Columbia. Defendants, at all times relevant, acted consistently with applicable rules, regulations, federal and local law and standards of care.

The actions of Defendants and all employees, officials, and agents of the District of Columbia were, at all times relevant, reasonable, in good faith, and in compliance with federal and local law.

To the extent plaintiffs seek an award of unliquidated damages against the District of Columbia under local law, such damages are barred for failure to satisfy D.C. Official Code Section 12-309 (2001 ed.).

4. Defendants <u>do not consent</u> to assignment of this case to a magistrate judge for any purpose. Plaintiffs consent to this matter being assigned to a magistrate judge for all purposes.

5. Defendants are unaware of any legal theories or fact that would reasonably justify settlement. Plaintiffs have not proposed any settlement offer. The plaintiffs believe

        settlement appropriate at this time.

6. Defendant do not agree to ADR deliberations at this time. Plaintiffs believe ADR should be considered. Plaintiffs believe that discovery should not be stayed pending ADR.

7. The parties do not consent to dispense with initial disclosures.

8. The parties agree to the following discovery limitations per party: 30 interrogatories and five non-party depositions. The parties agree it is too early to determine the need for protective orders. The parties advance the following discovery schedule:

    (a)    Non-expert discovery closes April 10, 2008;
    (b)    The plaintiffs' expert reports due May 15, 2008;
    (c)    The defendants' expert reports due June 20, 2008;
    (d)    Close of expert discovery July 20, 2008;
    (e)    Dispositive motions and/or cross motions due August 28, 2008;
    (f)    Oppositions and/or replies due September 13, 2008;
    (g)    Proposed date for decision October 13, 2008.

9. See No. 8 above.

10. N/A.

11. The parties agree that neither the trial nor the discovery should be managed in phases.

12. The parties agree that the pretrial conference be set 45 days after the court's ruling on dispositive motions.

13. The parties agree the trial date should set at the pretrial conference.

14. N/A.

                                                                      Respectfully Submitted,

                                                                      LAW OFFICES OF KIRK D. WILLIAMS

Dated: 1/2/2008                              By:
                                                Kirk D. Williams, Esquire #467951
                                                1629 K Street, NW, Suite 300
                                                Washington, DC 20036
                                                (202) 726-0480

                                                Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | ) | |
|---|---|---|
| MATTHEWS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.07-0031(RWR) |
| v. | ) | |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SCHEDULING ORDER**

  Upon consideration of the parties' Local Rule 16.3 Report in the above-captioned matter, it is hereby, on this ___, day of _____, 2008.

  **ORDERED** that:

1.1 Initial disclosures shall apply.

2. Any amendments to the pleadings must be filed within ____ days of the Initial Scheduling Conference.

3. Discovery shall be completed within _____ days. The presumptive limits in standard cases shall apply.

4. Plaintiffs shall identify an expert and file an expert report, if necessary, with _____ days after the start of discovery. Defendants shall identify an expert and file an expert report, if necessary, within __ days thereafter.

5. Dispositive motions shall be filed not later than ____ days after the close of all discovery, with oppositions due _____ days later and replies due _____ days thereafter.

6. If appropriate, a pretrial conference shall be scheduled ____ days after the Court's ruling on dispositive motion.

7.  A trial date shall be set at the Pretrial Conference.

                                                                      _____
                                                                      U.S. District Court Judge
                                                                      United States District Court for the
                                                                         District of Columbia

Copies to:

Martha Mullens,
Assistant Attorney General
District of Columbia
441 4th Street, NW, Suite 6TH Floor South
Washington, DC  20001

Kirk D. Williams, Esquire
Law Offices of Kirk D. Williams
1629 K Street, NW, Suite 300
Washington, DC  20036