**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

————————————————
                                        )
**JEFFREY MATTHEWS et al.,**            )
                                        )
          **Plaintiffs,**               )
                                        )
          **v.**                        )   **Civil Action No. 07-0031 (RWR)**
                                        )
**THE DISTRICT OF COLUMBIA**            )
**et al.,**                             )
                                        )
          **Defendants.**               )
————————————————————

<u>**MEMORANDUM OPINION**</u>

Plaintiffs Jeffrey Matthews, Frankie West, and Earline Hickman sued under 42 U.S.C. § 1983 for compensatory and punitive damages and equitable relief, alleging that the District of Columbia and its Mayor deprived them of a constitutionally-protected property interest without due process by terminating their workers' compensation benefits without providing them with a post-deprivation hearing to challenge the termination.  The defendants move to dismiss or in the alternative for summary judgment, and the plaintiffs cross-move for summary judgment. Because the plaintiffs have now received their due process, have failed to plead or present any evidence that the delay they experienced in receiving their benefits caused them actual damages, and do not seek nominal damages in their complaint, the

-2-

claim for equitable relief will be dismissed as moot, and
judgment will be entered for the defendants on the claim for
damages.

BACKGROUND

The plaintiffs allege that in 1998, they suffered work-
related injuries while they were employees of the District.
(Compl. ¶¶ 5-7.)  In 2004, Matthews' workers' compensation
benefits were suspended by the District's Office of Risk
Management's Disability Compensation Program ("DCP").  On several
occasions, Matthews submitted written requests to the DCP for a
formal denial order.  Such an order was purportedly required
before Matthews could obtain an evidentiary hearing to challenge
the benefits suspension.  (Id. ¶¶ 12, 15.)  Similarly, in
June 2004, the DCP refused to pay a workers compensation invoice
submitted by Hickman's treating physician because Hickman's
"claim was closed."[1]  (Id. ¶¶ 27-28.)  In October 2006, Hickman
filed an application for a formal hearing with the Office of
Hearings and Adjudications' Administrative Hearings Division
("AHD"), but the AHD informed Hickman that she had no right to a
hearing until she received a formal denial of award of
compensation benefits or a formal notice of loss of wage earning
capacity from the DCP.  In November 2006, Hickman made a written

---

[1] DCP later informed Hickman that her causally-related
medical benefits were terminated effective December 12, 1999.
(See Pls.' Opp'n Ex. 3 at 2.)

-3-

request to DCP to issue a formal denial order.  (Id. ¶¶ 29-31.)
Further, in October 2006, the DCP informed West's treating
physician that the DCP would no longer accept responsibility for
West's medical treatment.[2]  (Id. ¶ 19.)  West attempted to file
an application for a formal hearing with the AHD, but the AHD
informed West that he had no right to a hearing until he received
a formal denial of award of compensation benefits or a formal
notice of loss of wage earning capacity from the DCP.  (Id.
¶ 22.)  In November 2006, West made a written request to the DCP
to issue a formal denial order.  (Id. ¶ 23.)  At the time the
complaint in this case was filed, the DCP had not yet issued any
of the plaintiffs a denial order.  (Id. ¶¶ 16, 24, 32.)

     On January 5, 2007, the three plaintiffs filed this action.
The complaint alleges one count against the defendants for
denying the plaintiffs' constitutional rights under the color of
law in violation of 42 U.S.C. § 1983, by depriving them of their
property -- their workers' compensation benefits -- without
notice or the opportunity to defend their interests.  (Compl.
¶¶ 35-38.)  The complaint sought "appropriate affirmative relief
. . . including but not limited to [ordering defendants to]
grant[] each [plaintiff] a hearing . . . [and] compensatory and
pecuniary damages."  (Compl. ¶ 38.)  Shortly after filing the

---

[2] DCP later informed West that his causally-related medical
benefits were terminated effective July 16, 2006.  (See Pls.'
Opp'n Ex. 2 at 2.)

-4-

complaint, the plaintiffs received formal letters of denial from the District.  West received his denial letter on February 16, 2007, and Matthews and Hickman received their letters on March 7, 2007.  (Pls.' Opp'n to Defs.' Mot. to Dismiss or for Summ. J. and Cross Mot. for Summ. J. ("Pls.' Cross Mot.") at 3 n.3.)

In June 2008, the AHD held evidentiary hearings for Matthews and Hickman, after which it issued a final order regarding both of those plaintiffs' claims.  (Defs.' Stmt. of Mat. Facts Not in Dispute at ¶¶ 2, 6.)  In August 2008, West requested and received an order from the Department of Employment Services' Office of Hearings and Adjudication dismissing her application for an evidentiary hearing.  (Id. at ¶ 4.)

The defendants have moved post-discovery to dismiss the plaintiffs' complaint, or in the alternative to enter summary judgment for the defendants, arguing that the court lacks federal question jurisdiction under 28 U.S.C. § 1331, the plaintiffs' complaint fails to state a federal claim, the case is moot because the plaintiffs have now received their procedural due process, and the plaintiffs are not entitled to damages for the purported deprivation of their property rights.  The plaintiffs opposed the defendants' motion and cross-moved for summary judgment, arguing that there is no genuine dispute of material fact and that they have established a compensable due process violation.

-5-

DISCUSSION

I.   FEDERAL QUESTION JURISDICTION

The defendants argue that the plaintiffs' complaint should be dismissed for lack of jurisdiction because the complaint fails to allege a federal question.  According to the defendants, the plaintiffs fail to identify any substantive federal or constitutional right that supports their claims, and that the remedy for claims arising out of the District's conduct as an employer lies exclusively the Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §§ 1-601.01-1-607.08.  (Defs.' Mem. in Supp. of Mot. to Dismiss or for Summ. J. ("Defs.' Mem.") at 6-9.)  The plaintiffs counter that what they challenge here is the District blocking their opportunity to be heard regarding their benefit terminations by withholding formal denial letters.  They add that the CMPA and the District of Columbia Administrative Procedure Act, D.C. Code § 2-510(a)(2), provide inadequate remedies since those provisions, unlike § 1983, would not enable them to recover damages caused by their inability to have a prompt post-deprivation hearing regarding the termination of their disability benefits.  (Pls. Cross Mot. at 9-11.)

Here, the complaint alleges a cause of action arising under a federal statute, 42 U.S.C. § 1983, namely, that the defendants violated the plaintiffs right under the Fifth Amendment not to be deprived of property under color of District of Columbia law

-6-

without due process.  A district court has federal jurisdiction

over all "civil actions arising under the Constitution, laws, or

treaties of the United States[.]"  28 U.S.C. § 1331.  A

plaintiff's claim under 42 U.S.C. § 1983 that a defendant

violated his constitutional rights is a claim arising under the

laws of the United States.  See Johnson v. Dist. of Columbia, 528

F.3d 969, 972 (D.C. Cir. 2008) (stating that "[t]he district

court had federal-question jurisdiction over [the plaintiff's]

§ 1983 claim [under] 28 U.S.C. § 1331").  In addition,

"[a]lthough '[t]he District of Columbia Court of Appeals has

consistently held that the CMPA provides the exclusive avenue for

aggrieved District employees to pursue work-related complaints,'

McManus [v. Dist. of Columbia], 530 F. Supp. 2d [46], 77 [(D.D.C.

2007)], that particular statutory remedy does not foreclose this

Court from entertaining the constitutional question over which it

has original jurisdiction under 28 U.S.C. § 1331."  Deschamps v.

Dist. of Columbia, 582 F. Supp. 2d 14, 16 (D.D.C. 2008) (citing

Lightfoot v. Dist. of Columbia, 448 F.3d 392, 399 (D.C. Cir.

2006); see also McManus, 530 F. Supp. 2d at 72; Lightfoot v.

Dist. of Columbia, 339 F. Supp. 2d 78, 88 n.7 (D.D.C. 2004)

(recognizing "a property interest in [D.C. employees's]

disability benefits" to which process is due).  "'[M]inimum

[procedural] requirements [being] a matter of federal law, they

are not diminished by the fact that the State may have specified

-7-

its own procedures that it may deem adequate for determining the preconditions to adverse official action.'" <u>Cleveland Bd. of Education v. Loudermill</u>, 470 U.S. 532, 541 (1985) (quoting <u>Vitek v. Jones</u>, 445 U.S. 480, 491 (1980)); <u>see</u> <u>also</u> <u>Winstead v. Dist. of Columbia</u>, 620 F. Supp. 2d 119, 121-122 (D.D.C. 2009) (rejecting the defendants' proposition that the availability of judicial relief with respect to delay in a state's administrative process prevents a court from hearing a § 1983 action premised on that delay).  Federal question jurisdiction exists over the plaintiffs' cause of action.

II.  ADEQUACY OF CLAIM PLED

A party may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, acceptable as true, to 'state a claim to relief that is plausible on its face.' . . .  [A plaintiff must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).  "[A] court 'must treat the complaint's factual allegations as true . . . and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged.'"

-8-

Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003) (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000)).

"Section 1 of the Civil Rights Act of 1871, now codified at 42 U.S.C. § 1983, provides a cause of action for monetary damages and injunctive relief against 'every person who, under color of [law] . . . subjects or causes to be subjected, any person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" Daskalea v. Dist. of Columbia, 227 F.3d 433, 440 (D.C. Cir. 2000) (quoting 42 U.S.C. § 1983). The Fifth Amendment of the Constitution prohibits the deprivation of property without the due process of law.  U.S. Const. amend. V.  In order to have a property interest in disability compensation, the plaintiffs must have a "legitimate claim of entitlement to it."  Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).  The District's CMPA creates such an interest.  See Fonville v. Dist. of Columbia, 448 F. Supp. 2d 21, 26 (D.D.C. 2006); McManus, 530 F. Supp. 2d at 72-73.  "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  McManus, 530 F. Supp. 2d at 72 (quoting Mathews v. Eldridge, 424 U.S. 319, 323 (1976)).  "Procedural due process requires sufficient notice and 'opportunity to be heard at a

-9-

meaningful time and in a meaningful manner.'" <u>Elkins v. Dist. of Columbia</u>, 527 F. Supp. 2d 36, 48 (D.D.C. 2007) (quoting <u>UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Trustees of the Univ. of the Dist. of Columbia</u>, 56 F.3d 1469, 1472 (D.C. Cir. 1995)).

A plaintiff suing the District of Columbia under § 1983 "must allege not only a violation of his rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation." <u>Warren v. Dist. of Columbia</u>, 353 F.3d 36, 38 (D.C. Cir. 2004).  A municipality can be held liable under section 1983 when the municipality's "policy or custom . . . inflicts the injury." <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).  "[A] city's inaction, including its failure to train or supervise its employees adequately, constitutes a 'policy or custom' under <u>Monell</u> when it can be said that the failure amounts to 'deliberate indifference' towards the constitutional rights of persons in its domain." <u>Daskalea</u>, 227 F.3d at 441 (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-89 n.7 (1989); <u>see</u> <u>also</u> <u>Triplett v. Dist. of Columbia</u>, 108 F.3d 1450, 1453 (D.C. Cir. 1997) (stating that "inaction giving rise to or endorsing a custom" can be basis of § 1983 liability).

-10-

Here, the plaintiffs allege that the defendants "have acted under the color of state law and have maintained through habit, custom, prior practices, rules and/or regulations, a policy and practice of denying Plaintiffs due process of the law by deprivation of [disability] benefits without notice or opportunity to defend interest," and that the defendants "have intentionally, knowingly, willfully and with complete disregard for Plaintiffs' constitutional rights deprived them of property without notice or opportunity to defend their interest." (Compl. ¶¶ 35-36.) The complaint contains factual support for these allegations by describing the history of the plaintiffs' work related injuries and the process by which these plaintiffs were deprived of their disability benefits without receiving post-deprivation hearings. (Id. ¶¶ 10-34.) Thus, the plaintiffs have alleged that a custom or policy maintained by the district of Columbia has subjected them to violations of their Fifth Amendment rights to procedural due process, and they have provided sufficient factual matter, acceptable as true, to state a claim to relief that is plausible on its face. The complaint sufficiently states a claim to survive the defendants' motion to dismiss.

III. MOOTNESS AND DAMAGES

The defendants argue that the complaint should be dismissed as moot since the plaintiffs received formal denial letters and

-11-

evidentiary hearings to challenge the decision to terminate their disability benefits –- "the relief they sought when they brought this action" -- and thus are not "threatened with any actual injury traceable to [d]efendants[.]"  (Defs.' Mem. at 13-14.) The defendants also argue that even if an action for damages could be brought by these plaintiffs, they would be entitled to only nominal damages because they have not demonstrated that the alleged denial of their due process caused them actual damages. (Id. at 16.)  The plaintiffs counter that despite the fact that they received and prevailed in the hearings for which they originally sued, the plaintiffs have not been made whole because the delay in receiving benefits caused the defendants "actual harm in the form of extended deprivation periods" for which they were not compensated.  (Pls.' Cross Mot. at 11.)

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."  Larsen v. United States Navy, 525 F.3d 1, 4 (D.C. Cir. 2008) (internal quotations omitted); see also City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) ("[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy.").  "A case is moot when 'the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated' in

circumstances where 'it becomes impossible for the court to grant any effectual relief whatever to the prevailing party.'"  Del Monte Fresh Produce Co. v. United States, 570 F.3d 316, 321 (D.C. Cir. 2009) (quoting United States v. Philip Morris USA, Inc., 566 F.3d 1095, 1135 (D.C. Cir. 2009)).  To satisfy the Article III case or controversy requirement, a "plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical, . . . [that can be] fairly trace[d] to the challenged action of the defendant, and . . . [is] likely . . . [to] be redressed by a favorable decision."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted).

The plaintiffs concede that they have now been given the process they were due and have had their benefits restored (Pls.' Cross Mot. at 11), and they fail to make any argument that there is a reasonable expectation that the wrong they complain of is likely to occur again.  Instead, they rely on the argument that their action for actual damages remains live.  The complaint requests "compensatory and pecuniary damages" for the defendants' purported deprivations of plaintiffs' rights.  (Compl. ¶ 38.) "The purpose of a damage award under § 1983 is 'to compensate persons for injuries that are caused by the deprivation of constitutional rights.'"  Elkins v. Dist. of Columbia, 610 F.

-13-

Supp. 2d 52, 60 (D.D.C. 2009) (quoting <u>Carey v. Piphus</u>, 435 U.S. 247, 254 (1978)).  "'[M]ental and emotional distress,' are 'compensable under § 1983,' even in the absence of physical injury."  <u>Daskalea</u>, 227 F.3d at 443 (quoting <u>Carey</u>, 435 U.S. at 264).  While the defendants argue that the plaintiffs cannot maintain a claim for damages based upon an allegedly unreasonable delay between the termination of their disability benefits and the eventual reinstatement of their benefits after their post-deprivation hearings, an unreasonable delay in a state's administrative proceeding for a claim of benefits "may constitute the deprivation of property without due process of law," allowing the party who was deprived to bring a claim for damages under § 1983.  <u>See</u> <u>Winstead</u>, 620 F. Supp. 2d at 121; <u>see</u> <u>also</u> <u>Lowery v. Dist. of Columbia Housing Authority</u>, Civil Action No. 04-1868 (RMC), 2006 WL 666840, at *9-11 (denying motion to dismiss plaintiff's suit for damages under § 1983 for damages caused by the wrongful termination of her housing voucher and the Housing Authority's failure to provide her with a "reasonably expeditious" hearing after her housing voucher was terminated).  Therefore, the plaintiffs stated a viable claim for damages caused by the delay in receiving their due process following the termination of their disability benefits.

However, as the defendants point out in their motion for summary judgment, the plaintiffs have presented no evidence

-14-

establishing that they suffered actual damages as a result of the purportedly unconstitutional delay in providing their post-deprivation due process.  The plaintiffs have made several assertions in their filings that they did suffer actual injury, but have come forth with no declarations, affidavits, deposition testimony, or other admissible evidence of such injury despite the discovery that has been conducted.  Discovery has closed, the factual record is complete, and the plaintiffs even agree that the material factual issues are not disputed.  (See Pls.' Reply at 5.)  Indeed, in moving for summary judgment, the plaintiffs implicitly concede that there are no disputed facts that need to be resolved by a trial.  See Anderson v. Liberty Lobby, 477 U.S. 242, 249-250 (1986) (stating that the inquiry performed at the summary judgment stage "is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact").  "The plain language of [Federal] Rule [of Civil Procedure] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). With nothing more in the record beyond mere allegations of injury

-15-

in the plaintiffs' briefs, the plaintiffs have failed to
demonstrate that the purported violation of their procedural due
process rights resulted in actual damages.  Although an alleged
"denial of procedural due process should be actionable for
nominal damages," <u>Carey</u>, 435 U.S. at 266, the plaintiffs do not
even request nominal damages in their complaint.  <u>See</u> <u>Davis v.</u>
<u>Dist. of Columbia</u>, 158 F.3d 1342, 1349 (D.C. Cir. 1998)
(affirming district court's sua sponte dismissal of the
plaintiff's complaint for damages despite the possibility that
nominal damages could be awarded, because the complaint requested
only statutorily unavailable compensatory and punitive damages,
and lacked any specific request for nominal damages).
Accordingly, defendants are entitled to summary judgment on the
claim for damages, and the claim for equitable relief will be
dismissed as moot.

<u>CONCLUSION</u>

Because the defendants have demonstrated that the
plaintiffs' equitable claim is moot and the defendants are
entitled to judgment on the damages claim, the defendants' motion
to dismiss or for summary judgment will be granted, and the
plaintiffs' cross-motion for summary judgment will be denied.  An
appropriate order accompanies this Memorandum Opinion.

-16-

SIGNED this 30th day of December, 2009.

                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge