UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                          )
**JEFFREY MATTHEWS et al.,**  )
                          )
      **Plaintiffs,**       )
                          )
      v.                 )   Civil Action No. 07-0031 (RWR)
                          )
**THE DISTRICT OF COLUMBIA**  )
**et al.,**                   )
                          )
      **Defendants.**       )
_____)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jeffrey Matthews, Frankie West, and Earline Hickman sued under 42 U.S.C. § 1983 for damages and equitable relief, alleging that the District of Columbia and its Mayor deprived them of a constitutionally-protected property interest without due process by terminating their workers' compensation benefits without providing them with a post-deprivation hearing to challenge the termination.  The plaintiffs' claims for equitable relief were dismissed as moot, and judgment was entered for the defendants on the claims for damages.  See Matthews v. Dist. of Columbia, 675 F. Supp. 2d 180 (D.D.C. 2009).  The plaintiffs now move for reconsideration of that opinion under Federal Rule of Civil Procedure 59(e).  Because the plaintiffs have not shown that the opinion granting the defendants' motion to dismiss was clearly erroneous or that denying the motion for

reconsideration will result in manifest injustice, their motion will be denied.

DISCUSSION

"'While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure.'" Berg v. Obama, 656 F. Supp. 2d 107, 108 (D.D.C. 2009) (quoting City of Moundridge v. Exxon Mobil Corp., 244 F.R.D. 10, 11-12 (D.D.C. 2007) (quoting El-Shifa Pharm. Indus. v. United States, Civil Action No. 01-731 (RWR), 2007 WL 950082, at *1 (D.D.C. Mar. 28, 2007))). "'A motion to alter the judgment need not be granted unless there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice.'" Berg, 656 F. Supp. 2d at 108 (quoting City of Moundridge, 244 F.R.D. at 12 (quoting Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir. 2006))).

The December 2009 opinion that granted the defendants' motion to dismiss or in the alternative for summary judgment held, in relevant part:

> The plaintiffs concede that they have now been given
> the process they were due and have had their benefits
> restored (Pls.' Cross Mot. at 11), and they fail to
> make any argument that there is a reasonable
> expectation that the wrong they complain of is likely
> to occur again.  Instead, they rely on the argument
> that their action for actual damages remains live.  The
> complaint requests "compensatory and pecuniary damages"
> for the defendants' purported deprivations of
> plaintiffs' rights. (Compl. ¶ 38.) . . . . [A]s the

> defendants point out in their motion for summary judgment, the plaintiffs have presented no evidence establishing that they suffered actual damages as a result of the purportedly unconstitutional delay in providing their post-deprivation due process. The plaintiffs have made several assertions in their filings that they did suffer actual injury, but have come forth with no declarations, affidavits, deposition testimony, or other admissible evidence of such injury despite the discovery that has been conducted. Discovery has closed, the factual record is complete, and the plaintiffs even agree that the material factual issues are not disputed. (See Pls.' Reply at 5.) Indeed, in moving for summary judgment, the plaintiffs implicitly concede that there are no disputed facts that need to be resolved by a trial. . . . With nothing more in the record beyond mere allegations of injury in the plaintiffs' briefs, the plaintiffs have failed to demonstrate that the purported violation of their procedural due process rights resulted in actual damages. Although an alleged "denial of procedural due process should be actionable for nominal damages," Carey, 435 U.S. at 266, the plaintiffs do not even request nominal damages in their complaint. See Davis v. Dist. of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (affirming district court's sua sponte dismissal of the plaintiff's complaint for damages despite the possibility that nominal damages could be awarded, because the complaint requested only statutorily unavailable compensatory and punitive damages, and lacked any specific request for nominal damages).

Matthews, 675 F. Supp. 2d at 187-188.

Here, the plaintiffs argue that the opinion was clearly erroneous because damages may be awarded for violations of procedural due process absent a finding of actual injury, because the plaintiffs' prolonged deprivation of benefits constituted actual injury, and because damages can be awarded for a violation of due process. (Pls.' Mot. for Recons. at 1.)

In their motion for reconsideration, the plaintiffs do not address or remedy the flaw that the December 2009 opinion found fatal in their complaint, namely, the lack of *evidence* that the plaintiffs suffered any actual damages as a result of the purportedly unconstitutional delay in providing their post-deprivation due process. While the plaintiffs argue that "[t]he actual injuries caused by [the defendants'] long term and unexplained deprivation of [the plaintiffs'] disability benefits are sufficiently obvious to overcome a motion for summary judgment" (Pl.'s Mot. for Recons. at 9.), the plaintiffs do not provide any evidence of their injuries nor do they cite any authority holding that it is improper to dismiss a § 1983 action where the plaintiff provides absolutely no evidence of actual damages. "The '". . . basic purpose"' of § 1983 damages . . . 'is "to compensate persons for injuries that are caused by the deprivation of constitutional rights."' . . . Accordingly, even where a plaintiff alleges violations of his constitutional due process rights . . . the Supreme Court has . . . 'held that no compensatory damages [can] be awarded for violation of [those rights] absent proof of actual injury.'" Daskalea v. Wash. Humane Soc'y, 710 F. Supp. 2d 32, 43 (D.D.C. 2010) (quoting Memphis Comm'ty Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986) and Carey v. Piphus, 435 U.S. 247, 254 (1978)) (first alteration original).

In addition, the plaintiffs presented the same arguments in opposition to the defendants' motion to dismiss or for summary judgment that they present in their motion for reconsideration. (See Pls.' Opp'n to Def.'s Mot. to Dismiss or for Summ. J. at 12-17.) "'[W]here litigants have once battled for the court's decision, they should [not be] . . . permitted[] to battle for it again.'" Hoffman v. Dist. of Columbia, 681 F. Supp. 2d 86, 90 (D.D.C. 2010) (quoting Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101-102 (D.D.C. 2005) (denying motion for reconsideration, and stating that "the Court considered the cases that the [defendant] now cites" and the "attempt to re-litigate this issue will not be countenanced")). The plaintiffs have not met their burden of showing clear error or manifest injustice. Their motion will be denied.

## CONCLUSION

The plaintiffs have not shown clear error or manifest injustice in the December 2009 opinion entering judgment for the defendants on the plaintiffs' claims for damages. Accordingly, it is hereby

ORDERED that the plaintiffs' motion [30] for reconsideration be, and hereby is, DENIED.

SIGNED this 28th day of March, 2011.

```
       /s/
RICHARD W. ROBERTS
United States District Judge
```